## DEAN *v.* THE STATE, on the relation of MARRICAL.

BASTARDY.—MARRIED WOMAN.—To a prosecution by a married woman for bastardy, the defendant answered that after the birth of the child, the relatrix cohabited with her husband, and that in consideration of twen-

ty-five dollars, to be paid by defendant, a part of which had been paid, they agreed to compromise the action, the husband to support the child as his own, &c.; that the defendant was ready and willing to pay the residue, &c.

*Held,* that the answer was bad, on demurrer.

SAME.—WITNESS.—A married woman is a competent witness in a prosecution for bastardy on her relation.

SAME.—NON-INTERCOURSE WITH HUSBAND.—Evidence of non-intercourse between the husband and wife for more than one year, continuing to within five months of the birth of the child, is sufficient to establish the illegitimacy of the child.

VERDICT.—JUDGMENT.—Where the finding of the jury in a prosecution for bastardy contained a finding that the defendant was the father of the child, and the court pronounced judgment on the verdict, it was held not to be error that the court did not formally adjudge the defendant to be the father of the child.

APPEAL from the *Wayne* Common Pleas.

GREGORY, C. J.—On the 8th of *November,* 1865, the relatrix commenced an action before a justice of the peace against the appellant for bastardy, charging that she had been delivered of a bastard child, and that the defendant was the father of it. The defendant answered in the court below in three paragraphs. To the third a demurrer was sustained. That paragraph sets up that the relatrix, after the birth of the child, lived and cohabited with her husband; that the defendant agreed with the husband and wife to compromise the said cause of action, by paying them twenty-five dollars in meat and flour, as they wanted it; that he paid them four dollars in money, which they received on the claim; that the husband agreed to provide for the child as his own; that the defendant was ready and willing to pay the residue, and was willing that the court might make an order for the security thereof. The paragraph does not amount to a plea of payment, and it is not good as a plea of accord and satisfaction. It is claimed that the paragraph is good because of the averment that the husband agreed to provide for the child. The paragraph fails to aver a compliance with the agreement on the part of the defendant. The court committed no error in sustaining the demurrer.

Issue was taken on the first and second paragraphs of the answer. Trial by jury. Verdict, "that the child of *Melinda Marrical,*" the relatrix, "is a bastard, and that *Levi Dean,*" the defendant, " is the father of said child."

A motion for a new trial was overruled, and the court rendered final judgment, "that said defendant do pay to said relatrix, for the support of said child, the sum of two hundred dollars, the same to be paid in installments, as follows, to-wit: twenty dollars cash in hand; twenty dollars on the 20th of *August,* 1866, and twenty dollars every six months thereafter, until the said sum of two hundred dollars shall all be paid."

The evidence is in the record by bill of exceptions. The relatrix was a married woman; she lived with her husband from the time of his return from the army, in *June,* 1865, until the trial. She was admitted as a witness over the objection of the defendant.

There is an instruction copied into the motion for a new trial which it is claimed was refused by the court; but it is not in the bill of exceptions, nor is it made a part of the record by the signature of the judge thereto, as required by the code. 2 G. & H., §§ 324, 325, pp. 200, 201.

It is argued that the court ought not to have admitted the relatrix as a witness. A married woman may prosecute for bastardy. 2 G. & H., § 1, p. 624. The mother of. the child, if of sound mind, is a competent witness. 2 G. & H., § 3, p. 625.

It is objected that the court did not adjudge the appellant to be the father of the child. The court rendered a final judgment on the verdict, in which the jury found that fact. It is claimed that the evidence does not sustain the finding; that the non-intercourse of the husband with the wife was not sufficiently shown. The evidence is clear that the husband was absent from his wife from *January,* 1864, until in *June,* 1865; the child was born on the 6th or 7th of *November* following, and was alive at the trial in *February,* 1866. The

court below committed no error in overruling the motion for a new trial.

The judgment is affirmed, with 10 per cent damages, and costs.

*W. A. Bickle,* for appellant.